IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-02846-PAB

DAVID ZOCIMO ROMERO QUISPE,

      Petitioner,

v.

WARDEN, Denver Contract Detention Facility, et al.,

      Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner David Zocimo Romero Quispe's *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Docket No. 1. Respondents filed a response. Docket No. 14.

## I. Background[1]

Petitioner[2] arrived in the United States on September 9, 2023, in order to legally seek asylum. Docket No. 1-1 at 7. On May 22, 2025, petitioner was detained by Immigration and Customs Enforcement ("ICE") in Las Vegas, Nevada. *Id.* On June 16, 2025, an immigration judge ordered petitioner released on a bond of

---

[1] Petitioner asserts various facts related to his case in a statement attached as an exhibit to his habeas petition. Docket No. 1-1 at 7. Respondents do not dispute these facts. Docket No. 14. Respondents state that they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." *Id.* at 1. "Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief." *Id.* at 1-2. Thus, the Court accepts as true the facts taken from the habeas petition and the attached statement.

[2] Because petitioner is proceeding pro se, the Court construes his filing liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.3d 1106, 1110 (10th Cir. 1991).

$7,500.  *Id.* at 3, 7.  On May 4, 2026, petitioner was arrested in Jackson, Wyoming for driving with a suspended license.  *Id.* at 7.  Upon paying a bond of $750, petitioner was released.  *Id.*  Petitioner was detained by ICE immediately after his release and is currently in custody at the Denver Contract Detention Facility.  *Id.*

On June 22, 2026, petitioner filed a habeas petition.  Docket No. 1.  Petitioner asserts that he is detained pursuant to § 1226(a) and that his detention violates the Immigration and Nationality Act ("INA") and the Fifth Amendment of the United States Constitution.  *Id.* at 2.  On July 31, 2026, respondents filed a response.  Docket No. 14.

## II.    ANALYSIS

The Court addresses petitioner's claim that his current detention violates his due process rights under the Fifth Amendment.  Respondents do not address the merits of petitioner's claims in their response.  Docket No. 14.

Pursuant to *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), the court considers the following in weighing a due process claim:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Given that "the interest in being free from physical detention by one's own government" is "the most elemental of liberty interests," the first factor weighs in favor of petitioner.  *See Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004).

Relevant to the second factor is that petitioner was previously released on bond through the order of an immigration judge.  In releasing petitioner, the immigration judge

2

necessarily determined that petitioner was not a danger to the community or a flight risk. *See Ekenge v. Baltazar*, 26-cv-00630-SBP, 2026 WL 617341, at *5 (D. Colo. Mar. 5, 2026). Respondents do not provide any indication as to why the order releasing petitioner was revoked. Here – where respondents have provided no change in circumstances that alters the initial determination that petitioner is not a danger to the community or a flight risk – there is a significant risk of the erroneous deprivation of petitioner's liberty interest. *See Ekenge*, 2026 WL 617341, at *5 (finding that the "risk of erroneous deprivation is also considerable" where "[i]t appears to be undisputed that Petitioner was previously released after it was determined he was not a danger to the community or a flight risk"); *Perez-Cifuentes v. Warden, Denver Contract Detention Center Denver Field Office Director*, No. 26-cv-02371-NRN, 2026 WL 1733489, at *3 (D. Colo. June 16, 2026) (finding that "the risk of erroneous deprivation is considerable" where petitioner was previously released on his own recognizance and respondents "do not contest, that at the time of his detention, there had not been a material change in circumstances") (alteration, internal quotation, and citation omitted); *Uzcategui v. Brooksby,* 2026 WL 622751, at *11 (D. Utah Mar. 5, 2026) (finding that the second *Mathews* factor weighs in favor of petitioner because "civil immigration detention, which is 'nonpunitive in purpose and effect' is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community," "Federal Respondents do not contend that [petitioner] is or was a flight risk or a danger to the community," and petitioner was previously released on parole) (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)). "A re-detention, without any individualized assessment, leads to a high risk of erroneous deprivation of an individual's liberty

interest."  *Orellana v. Noem*, 807 F. Supp. 3d 745, 754 (W.D. Ky. 2025).  Thus, the Court finds that the second *Mathews* factor weighs in favor of petitioner.

Regarding the third factor, "the government clearly has an interest in enforcing immigration laws, but [the government's] interest in detaining petitioner without a . . . reasonable explanation for [his] detention is low."  *See Uzcategui*, 2026 WL 622751, at *11 (internal quotation and citation omitted); *cf. L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024) ("It would stand to reason if a noncitizen was neither a flight risk nor dangerous, there would be no government or public interest in detention."). Furthermore, the Court finds that the fiscal and administrative burdens associated with evaluating whether a change in circumstance justifies petitioner's re-detention is low when compared to petitioner's interest in being free from the erroneous deprivation of his liberty.   *See Ekenge,* 2026 WL 617341, at *5 ("The Government's interest in re-detaining non-citizens previously released without a hearing is low and any costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue.") (alterations and citation omitted).  Accordingly, the third *Mathews* factor weighs in favor of petitioner.

Pursuant to *Mathews*, the Court finds that petitioner's due process rights were violated.  Respondents provide no argument to the contrary.  They also do not contend that petitioner is a flight risk or danger to the community or provide a reason for why petitioner was re-detained after previously being ordered released.  While respondents "submit that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner," respondents do not explain why this relief is proper in light of their

4

failure to contest the allegations in the petition.  *See* Docket No. 14 at 2.  Thus, the Court will grant the habeas petition on the basis of Count One and order petitioner's immediate release.  *See Perez-Cifuentes*, 2026 WL 1733489, at *3 ("As to the appropriate remedy, the Court finds that Petitioner is entitled to immediate release. Petitioner was released from the custody of the [Office of Refugee Resettlement] in 2021 and he has since remained at liberty relying on that determination.") (internal quotations and citation omitted); *Murzi v. Noem*, No. 26-cv-00359-CNS, 2026 WL 395111, at *2 (D. Colo. Feb. 12, 2026) ("Immediate release is the appropriate remedy.  To be released on conditional parole/ own recognizance, there must be a finding that the immigrant does not pose a risk of flight or danger to the community and Respondents do not otherwise argue that Petitioner poses such risk or danger.") (internal quotation and citation omitted); *Sidqui v. Almodovar*, 823 F. Supp. 3d 364, 396 (S.D.N.Y. 2026) ("in light of the Government's failure to provide Petitioner any individualized process either prior to or contemporaneous with the deprivation of his liberty, which was formerly granted by the Government, and the Government's inability to point to any evidence of risk of flight or danger," finding that petitioner's immediate release is the appropriate remedy).

III.    **CONCLUSION**

Therefore, it is

**ORDERED** that the application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**.  It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order.  It is further

**ORDERED** that respondents shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody.

DATED August 3, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge